```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
FELIX VARDANYAN

        Plaintiff,                    MEMORANDUM AND ORDER

    -against-                         Civil Action No.
                                      CV-06-2243 (DGT)
CLOSE-UP INTERNATIONAL, INC.,
MIKHAIL SHEYDIN and NATALIA
GENEM,

        Defendants.
-------------------------------X
```

Trager, J:

Plaintiff Felix Vardanyan ("Vardanyan" or "plaintiff") is requesting reconsideration of the November 30, 2007 Order (the "November Order") granting summary judgment to defendants Close-Up International, Inc. ("Close-Up"), Mikhail Sheydin ("Sheydin") and Natalia Ganem ("Ganem") (collectively "defendants"). For the reasons explained below, plaintiff's request is denied.

As explained in the November Order, defendants have shown that Sheydin, Ganem and Vadim Abramov ("Abramov"), as the sole shareholders of Close-Up, reached an enforceable agreement to require mutual consent before any transfer of Abramov's shares in the corporation. Defendants have provided a copy of the written agreement, dated April 22, 2004 and signed by Sheydin, Ganem and Abramov. In addition, Abramov testified under oath at his deposition that he had reached an oral agreement to this effect with Sheydin and Ganem, and that this agreement may have been

reduced to writing.  Plaintiff's opposition to defendants' motion for summary judgment claimed that Abramov had told plaintiff's counsel, Alexander Berkovich ("Berkovich"), in September 2006 that Abramov "never agreed to any such restrictions, orally or in writing," and that Abramov had "never signed the 'shareholders agreement' that allegedly contains his 'signature.'"  Decl. of Alexander Berkovich, dated Sept. 26, 2007, ¶ 16 (citation omitted).  As explained in the November Order, however, Berkovich's statements about his conversations with Abramov are not admissible as substantive evidence of the truth.  At most, they can be offered as statements that are inconsistent with Abramov's admissions at his deposition.  Accordingly, this evidence does not create a triable question of material fact.

Plaintiff now claims that Abramov's statements to Berkovich are admissible, because Abramov allegedly was an officer and director of Close-Up at the time of those conversations.[1]  Plaintiff claims that Abramov's statements are admissible against Close-Up, because Abramov was speaking as an agent or representative of Close-Up during his conversations with

---

[1] Plaintiff has submitted with his motion a copy of Close-Up's "Minutes of Organizational Meeting" from January 12, 2000, in which Ganem was named as President of Close-Up and Abramov was named as Vice-President.  Plaintiff's contention is that Abramov remained an officer and director of Close-Up when this litigation was commenced in 2006, even though Abramov had purported to transfer all of his interest in Close-Up to Vardanyan in November 2005.

2

Berkovich.  See Fed. R. Evid. 801(d)(2)(A) (statement offered against a party is not hearsay if it was "the party's own statement, in either an individual or a representative capacity"); Fed. R. Evid. 801(d)(2)(D) (statement offered against a party is not hearsay if it was "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment").

The purpose of this evidentiary rule is to allow a party's own admissions to be used against that party in court.  Such statements are admissible because a litigant's own admissions are presumed to be trustworthy, and because a party should have no trouble explaining its own prior statements during the course of litigation.  See Fed. R. Evid. 801(d) advisory committee's note; 4 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 8:44 (3d ed. 2007).  This rule is not applicable here, however, because Abramov was not acting as a representative or agent of Close-Up at the time of his conversation with Berkovich.  Rather, he was acting in his own interest, which was opposed to that of Close-Up as well as the individual defendants.  Therefore, Abramov's statements to Berkovich were not an admission by Close-Up as defined by the Federal Rules of Evidence.

Second Circuit case law makes clear that the "agent or servant" exception of Rule 801(d)(2)(D) does not apply here.  Even assuming that Abramov could act as an agent of Close-Up, his

conversations with Berkovich were intended to encourage this lawsuit against Close-Up.  Abramov, who hoped to receive a percentage of any judgment against defendants, was essentially an adversary to Close-Up in this litigation.  The Second Circuit has explained that statements made by a party's agent are not admissible against that party under Rule 801(d)(2)(D) when the party and the agent have "conflicting litigation positions."  SEC v. Geon Industries, Inc., 531 F.2d 39, 43 n.3 (2d Cir. 1976).  See also United States v. King, 134 F.3d 1173, 1176 (2d Cir. 1998); Brink's Inc. v. City of New York, 717 F.2d 700, 719 n.3 (2d Cir. 1983) (Winter, J., dissenting).  Other courts have similarly held that an out-of-court statement is inadmissible when the speaker is acting as a party's adversary rather than as the party's agent.  See, e.g., Young v. James Green Mgmt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003).  Accordingly, Abramov's statements do not fall within the exception created by Rule 801(d)(2)(D).

Similarly, Abramov's statements are not admissible under Rule 801(d)(2)(A).  Abramov, unlike the other shareholders in Close-Up, is not a party to this case.  Because Abramov believed he had transferred his interest in Close-Up to Vardanyan in November 2005, he could not reasonably have been speaking as a representative of Close-Up during his conversations with Berkovich in September 2006.  Moreover, whether a statement is by

a party, its representative or its agent, the admission by a party-opponent must be offered against that party. Fed. R. Evid. 801(d)(2). Abramov's statements are not being offered against himself, as envisioned by the Rules of Evidence, but against defendants, whose interests in this litigation are opposed to Abramov's interests. Therefore, the hearsay exception created by Rule 801(d)(2)(A) also does not apply here.[2]

In short, Abramov's statements to Berkovich remain hearsay. These statements do not fall within any of the hearsay exceptions enumerated in Federal Rules of Evidence 803 and 804. Furthermore, these statements are contradicted by Abramov's later sworn deposition testimony, which was consistent with the evidence provided by defendants. Therefore, as stated in the November Order, Abramov's statements to Berkovich are inadmissible for the truth of the matter asserted and thus do not create a triable issue of material fact.

Plaintiff also seeks reconsideration of the ruling that the stock transfer restrictions are enforceable under New York law. Plaintiff's request for reconsideration offers no new facts or legal arguments. "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed,

---

[2] Were this not so, it would be quite simple for Abramov – who has a stake in this litigation – to manufacture a case against Close-Up, as anything he says would be imputed to his adversary.

considered and decided." <u>Phillips v. City of New York</u>, 453 F. Supp. 2d 690, 745 (S.D.N.Y. 2006) (citation omitted). Therefore, there is no basis for reconsideration of this claim.

Plaintiff's request for reconsideration is denied.

Dated: Brooklyn, New York
       December 28, 2007

                                        SO ORDERED:

                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge